# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABIGAIL DILLER,**<br><br>Plaintiff,<br><br>vs.<br><br>**DITECH FINANCIAL, LLC, ET AL.,**<br><br>Defendants. | CASE NO. 16-cv-04755-YGR<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 45 |

Plaintiff brings this action alleging that defendants Ditech Financial, LLC and Barrett Daffin Frappier Treder & Weiss, LLP committed wrongful acts and omissions with regard to servicing her loan and loan modification application, resulting in the imminent loss of her home. (Dkt. No. 43, First Amended Complaint ("FAC") ¶ 1.) Specifically, plaintiff raises the following causes of action: (i) Count One, failure to follow loss mitigation procedures pursuant to 12 C.F.R. section 1024.41(b); (ii) Count Two, wrongful foreclosure proceedings pursuant to California Civil Code section 2923.6(e); (iii) Count Three, violation of prohibition on foreclosure sale pursuant to 12 C.F.R. section 1024.41(g); (iv) Count Four, negligence in loan servicing; and (v) Count Five, violation of California Unfair Competition Law, Business and Professions sections 17200 *et seq.*

Defendants have moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 45.)[1] Having carefully considered the pleadings and the papers submitted on this motion, and for the reasons set forth below, the Court **GRANTS IN**

---

[1] Defendants' motion to dismiss was set for oral arguments on June 20, 2017. The Court previously vacated such hearing, noting that the Court would issue a written decision on the papers without oral argument, pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. (Dkt. No. 48.)

1 **PART** the motion as follows: The Court **DENIES** defendants' motion with regard to Count One. The Court **DISMISSES WITH PREJUDICE** Counts Two, Three, and Four, and **DISMISSES WITHOUT PREJUDICE** Count Five.[2]

## I. BACKGROUND

Plaintiff's claims against defendants relate to foreclosure and loan modification proceedings on plaintiff's primary property located at 2893 Regatta Drive, Oakland, California 94601 (the "Property"). (FAC ¶ 2.)

On April 7, 2006, plaintiff executed a Deed of Trust to borrow a principal amount of $640,800.00 for the purchase of the Property from America's Wholesale Lender. (*Id.* at ¶ 12; DRJN Ex. 1 at 2.) On April 29, 2011, America's Wholesale Lender assigned the Deed of Trust to the Bank of New York Mellon (DRJN Ex. 2 at 1) and defendant Barrett Daffin Frappier Treder & Weiss, LLP at some point substituted in as the trustee or agent for the trustee (DRJN Ex. 3 at 3).

On November 11, 2015, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. (*Id.* at 1.) In or around early 2016, the servicing of plaintiff's loan was transferred to defendant Ditech. (FAC ¶ 15.) In mid-to-late March 2016, plaintiff alleges that she contacted Ditech to apply for a loan modification, during which Ditech's representative "opened a review based on the information [p]laintiff had provided and advised [p]laintiff to prepare her financial documents and send them to Ditech as part of the review." (*Id.* at ¶ 17.) On July 21, 2016, defendants recorded a Notice of Trustee's sale, scheduled for August 22, 2016. (*Id.* at ¶ 18; *see also* DRJN Ex. 4 at 1.) Plaintiff alleges that she received a letter from defendants on

---

[2] In connection with their motion to dismiss, defendants have filed a request for judicial notice of the following exhibits: (i) Exhibit 1, April 7, 2006 Deed of Trust; (ii) Exhibit 2, April 29, 2011 Assignment of Deed of Trust; (iii) Exhibit 3, November 10, 2015 Notice of Default; (iv) Exhibit 4, July 21, 2016 Notice of Trustee's Sale; (v) Exhibit 5, March 29, 2017 Property Ownership Report; and (vi) Exhibit 6, April 17, 2017, Notice of Rescission of Notice of Default. (Dkt. No. 45 at 22–71 ("DRJN").) "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). However, a court may take judicial notice of matters of public records and documents whose authenticity is not contested and upon which the plaintiff's complaint relies. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Santa Clara*, 307 F.2d 1119, 1125 (9th Cir. 2002); *see also* Fed. R. Evid. 201(b)(2). Plaintiff does not object to defendants' request for judicial notice, and the documents attached to the DRJN are appropriate for judicial notice. Accordingly, the Court **GRANTS** defendants' request for judicial notice.

July 22, 2016 informing her that they were closing the review of her loan modification application because she had not supplied certain unidentified application materials. (FAC ¶ 19.)

Plaintiff subsequently filed this action against defendants on August 18, 2016, concurrently seeking a temporary restraining order against defendants to enjoin their sale of the Property. The Court granted such request on August 19, 2016 (Dkt. No. 11), and then stayed the action upon the parties' agreement until April 13, 2017 (Dkt. No. 41.) On April 17, 2017, defendants recorded a Notice of Rescission of Notice of Default. (DRJN Ex. 6 at 1.)

## II. LEGAL FRAMEWORK

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and

3

quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

### III. DISCUSSION

Defendants move to dismiss each claim in plaintiff's FAC. Plaintiff provides no opposition with regard to defendants' motion to dismiss Counts Two and Three of the FAC. Thus, the Court finds that plaintiff has conceded the inapplicability of such claims to the instant action and **DISMISSES WITH PREJUDICE** such counts. Accordingly, the Court need only address defendants' motion to dismiss the remaining counts.

#### A. Count One: Violation of 12 C.F.R. Section 1024.41(b)

Section 1024.41(b) of Title 12 of the Code of Federal Regulations provides that a loan servicer "shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application," if a "servicer receives a loss mitigation application 45 days or more before a foreclosure sale." Specifically, the servicer must promptly review the application to determine if the application is complete and notify the borrower in writing within five days that the "servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete." 12 C.F.R. § 1024.41(b)(2)(i).

Defendants contend that its obligations were not triggered within the forty-five day window proscribed by the regulation because plaintiff never submitted a loan modification application. Plaintiff, on the other hand, alleges that she contacted defendants in late March 2016 regarding a loan modification and that a review had been opened at such time. (FAC ¶ 26.) Defendant then recorded a Notice of Trustee's Sale in July 2016 with a sale date of August 22, 2016, but only informed plaintiff that her loan modification application was deficient on July 22, 2016. On such bases, plaintiff argues that defendants' failed to meet their obligations under section 1024.41.

The Court finds that plaintiff's allegations with regard to this claim are sufficient to sustain a claim at this stage of the proceedings. Defendants primarily rely on the court's decision in *Coury v. Caliber Home Loans, Inc.*, No. 16-CV-5583-RS, 2017 WL 476411 (N.D. Cal. Feb. 6, 2017). In *Coury*, the court dismissed plaintiff's claims under section 1024.41(b) because plaintiff had failed to allege that he provided anything to defendants forty-five days before the scheduled foreclosure sale. *Id.* at *3. Here, however, plaintiff has alleged that a review was opened sometime in March 2016. (FAC ¶ 17.) Whether the information and documents submitted by plaintiff at the time constituted a "loan modification application" to trigger defendants' regulatory obligations under section 1024.41 is not an issue that can be resolved in a motion to dismiss.

Accordingly, the Court **DENIES** defendants' motion to dismiss the same.

### B. Count Four: Negligence

To state a claim for negligence, a plaintiff must allege: (1) defendants owed plaintiff a duty of care; (2) defendants breached that duty; and (3) the breach proximately caused the plaintiff's damages or injuries. *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (citing *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013)). As a general rule in California, a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 945 (citing *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095–96 (1991)).

Defendants challenge plaintiff's claim for negligence on the following grounds: (i) they owed no duty of care to plaintiff in processing her loan modification application and (ii) plaintiff has suffered no injury. This Court has recently addressed the issue of whether a financial institution owes a duty of care to a lender in processing a loan modification application. *See Saji v. Residential Credit Sols.*, No. 17-CV-00025, 2017 WL 1407997, at *5 (N.D. Cal. Apr. 20, 2017); *see also Marques v. Wells Fargo Bank, N.A.*, No. 16-CV-3973-YGR, 2016 WL 5942329, at *6–8 (N.D. Cal. Oct. 13, 2016). In both, the Court acknowledged that both state and federal courts are "divided as to whether a lender owes a duty of care during a loan modification application process," based on *Lueras* and *Alvarez*, two California appellate court decisions. *Marques*, 2016

WL 5942329, at *6–7 (quoting *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1116 (E.D. Cal. 2015)). Both times, the Court found more persuasive the reasoning in *Lueras*, where the court held that "mortgage servicers do not owe borrowers a duty of care in the processing of loan modification applications" because such activities are "indistinguishable from the process of providing an original loan, and therefore, fall within the lender's 'conventional role as a lender of money.'" *Lueras*, 221 Cal. App. 4th at 67 (explaining that there is no duty if "the lender did not place the borrower in a position creating a need for loan modification" because "then no moral blame would be attached to the lender's conduct"). In *Saji*, the Court further explained that even the *Alvarez* court acknowledged the general rule that financial institutions owe no "duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," and described a set of circumstances in which a lender may owe a duty of care to a borrower. *Saji*, 2017 WL 1407997, at *5 (citing *Alvarez*, 228 Cal. App. 4th at 945–46 (discussing situations in which a "special relationship" may exist between the lender and the borrower or where the lender made a misrepresentation to the borrower that resulted in the alleged injury)).

Recently, another district court has found similarly, noting that an "increasing number of courts that have considered the split in authority reflected in *Lueras* and *Alvarez* have declined to follow *Alvarez*, holding instead that there is no duty of care in the loan modification process." *Newman v. Bank of N.Y. Mellon*, No. 12-CV-1629-AWI-MJS, 2017 WL 1831940, at *10 (E.D. Cal. May 8, 2017). The court in *Newman* further explained that the cases that have followed *Alvarez* focused "primarily on the pitfalls of dual tracking and lenders' misrepresentations regarding the status of a loan modification application." *Id.* at *11 (explaining that in at least one case accepting *Alvarez*, the court focused on the bank inducing the borrowers to default, informing them that they qualified, repeatedly losing the application materials, and assuring them that no foreclosure sale would proceed, but ultimately completing the foreclosure sale while the application was pending). However, the Court does not find any such special circumstances here that would create a duty. Rather, plaintiff's claims in this regard are based on her allegations that

6

defendants failed to comply with certain regulatory requirements for processing her loan modification application.[3]

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's negligence claim. Because plaintiff could not amend the complaint to cure the deficiency as to this count, the dismissal is made with prejudice and without leave to amend.[4]

### C. Count Five: Violation of California's UCL

Plaintiff also brings claims under the UCL, which prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A plaintiff may allege either an unlawful, an unfair, or a fraudulent act to establish liability under the UCL. *See Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). To state a claim under the unlawful prong of the UCL, plaintiff may allege the commission of any act "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994). With respect to the unfair prong, an act or practice is unfair if the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *See Lueras*, 221 Cal. App. 4th at 81. With respect to the fraudulent prong, the UCL requires "only a showing that members of the public are likely to be deceived" by the allegedly fraudulent practice. *Id.* Additionally, to sustain a claim under the fraudulent prong of the UCL, plaintiffs must plead "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also*

---

[3] Plaintiff argues that defendants owed plaintiff a duty under the doctrine of negligence per se, based on defendants' alleged violation of certain provisions of the Real Estate Procedures Act. "Under the doctrine of negligence per se, the plaintiff 'borrows' statutes to prove duty of care and standard of care. [Citation.] The plaintiff still has the burden of proving causation." *David v. Hernandez*, 226 Cal. App. 4th 578, 584 (2014) (citations omitted). However, negligence per se only "delineates a specific manner, based upon statute or regulation, in which a *breach* of duty may be identified" but is "irrelevant if no duty has first been established." *Hefleblower v. JPMorgan Chase Bank, NA*, No. 12-CV-1671-AW-SMS, 2013 WL 5476806, at *11 (E.D. Cal. Sept. 30, 2013); *see also Winter v. Chevy Chase Bank*, No. 09-CV-3187-SI, 2009 WL 3517619, at *3 (N.D. Cal. Oct. 26, 2009) ("In any event, 'an underlying claim of ordinary negligence must be viable before [negligence per se] can be employed.' Without a valid claim for negligence, a claim for negligence per se cannot stand." (citations omitted)).

[4] Because the Court finds that no duty exists, the Court need not address defendants' additional argument that plaintiff has suffered no injury as a result of defendants' processing of her loan modification.

7

*Hutson v. Am. Home Mortg. Servicing, Inc.*, No. 09-CV-1951-PJH, 2009 WL 3353312, at *16 (N.D. Cal. Oct. 16, 2009).

As an initial matter, defendants challenge plaintiff's standing to sue under the UCL, arguing that plaintiff has failed to allege that she suffered an actual loss due to defendants' alleged conduct because no foreclosure has yet taken place, and, in fact, the Notice of Default has recently been rescinded. (DRJN Ex. 6.) Standing under the UCL requires that plaintiff has suffered "an injury in fact and lost money or property as a result of" the alleged unlawful, unfair, or fraudulent conduct. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-1390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011). Here, plaintiff's only allegation of damages is thus: "Plaintiff has suffered damages including, but not limited to, the accumulation of insurmountable amount of arrears, loss of money, expenditure of attorneys' fees, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression." (FAC ¶ 51.) Such, however, are not sufficient for standing under the UCL. *See Hosseini v. Wells Fargo Bank, N.A.*, No. 13-CV-02066-DMR, 2013 WL 4279632, at *8 (N.D. Cal. Aug. 9, 2013) (finding no standing under the UCL where no foreclosure sale had yet taken place, and plaintiff only included the conclusory allegation that they were injured as a result of defendant's practices); *cf. Peterson v. Wells Fargo Bank, N.A.*, No. 13-CV-3392-MEJ, 2014 WL 1911895, at *7 (N.D. Cal. May 13, 2014) (finding sufficient for standing under the UCL allegations that plaintiff spent money improving the property in reliance on defendant's promise to modify the loan even where no foreclosure sale had taken place).

Accordingly, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss Count Five of the FAC with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows: The Court **DENIES** defendants' motion with regard to Count One. The Court **DISMISSES WITH PREJUDICE** Counts Two, Three, and Four, and **DISMISSES WITHOUT PREJUDICE** Count Five. No later than August 10, 2017, plaintiff must file an amended complaint. Failure to do so will result in dismissal of Count Five

with prejudice. Defendants' response shall be due twenty-one (21) days after the filing of an amended complaint or August 24, 2017 if no amended complaint is filed.

This Order terminates Docket Number 45.

**IT IS SO ORDERED.**

Dated: July 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**